**SO ORDERED.**

**SIGNED this 04 day of March, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

IN RE:

MTD INVESTMENTS, INC.,                    CASE NO. 10-02711-8-JRL

   DEBTOR.                                               Chapter 11

## ORDER

This matter came before the court on the chapter 11 trustee's motion for confirmation of plan and disclosure statement. A hearing was held on March 3, 2011 in Raleigh, North Carolina.

The chapter 11 trustee filed an amended plan and disclosure statement on September 20, 2010. By the confirmation hearing, most of the classes had either accepted the plan or resolved their objections with the trustee. However, issues related to the treatment of class 13, the general unsecured creditors' class, still remain which prohibit confirmation of the plan.

Section 1129(b) of the Bankruptcy Code allows the court to confirm a chapter 11 plan despite the fact that not all impaired classes have voted to accept the plan so long as the plan does not discriminate unfairly and is fair and equitable with respect to each impaired class that has rejected the plan. 11 U.S.C. §1129(b)(1). A plan is considered "fair and equitable" with respect to a class of unsecured claims where (1) the plan provides that each holder of a claim in

the class receives or retains property of value equal to the amount of such claim; or (2) the holder of any claim or interest that is junior to claims of the class will not receive or retain any interest or property on their junior claims under the plan.  §§1129(b)(2)(B)(i)&(ii).  The latter provision is also known as the absolute priority rule.  See Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 115 (1939).

   Here, the general unsecured creditors' class, made up of seven creditors, has rejected the plan.  Although a majority of creditors voted to accept the plan, more than one-third of the creditors in amount rejected it.  The trustee's plan does not propose providing the class with the full amount of their allowed claims.  Therefore, the court must assess whether the plan can be confirmed over the rejecting votes pursuant to §1129(b)(2)(B)(ii).  The plan includes a class of junior claims—class 15 constitutes the equity security holders.  The plan allows Michael T. Davis to retain his 100% ownership interest unimpaired.  Given the retention of his ownership interest, the court cannot confirm the plan as written because it does not conform with the requirements of §1129(b).  Although the court can raise the issue of compliance with §1129 on its own, the Bankruptcy Administrator raised this particular issue in her statement regarding the plan.  See 7 Collier on Bankruptcy ¶1129.05(1)(e) (Allan N. Resnick & Henry J. Sommer eds., 16th ed.) ("The court has a mandatory, independent duty to review plans and ensure they comply with the requirements of section 1129.") (citations omitted).  At the time of filing the statement, ballots had not been totaled.  Nonetheless, it states "the Debtor is proposing to allow equity security holders to maintain their pre-petition equity interest in the Debtor.  Should an impaired class [reject] the Debtor's Plan, this provision would violate the absolute priority rule."

   Additionally, the trustee proposed new treatment of creditor Roanoke Meadowbrook,

-2-

LLC ("Roanoke Meadowbrook") at the hearing in light of the creditor's rejection of the filed plan. The trustee was unable to provide evidence that the creditor—who was not present at the hearing—had definitively agreed to this modification.

Based on the non-compliance with §1129(b)(2)(B)(ii) as it relates to the class of unsecured creditors and the lack of proof of Roanoke Meadowbrook's awareness of the amended treatment of its claim, the court DENIES the motion for confirmation. The trustee may file an amended plan within 10 days to meet the requirements of §1129 and clearly state the amended treatment of Roanoke Meadowbrook's claim so it may either accept or reject the plan.

**"END OF DOCUMENT"**